# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No:

Date Purchased:

-----------------------------------------------------------X

ROSEMARY JOHN,

*Plaintiff*

*-against-*

TARGET CORPORATION and PTMA 5200 KINGS HIGHWAY LLC,

*Defendants.*

-----------------------------------------------------------X

**SUMMONS**

Plaintiff designates:
**KINGS COUNTY**
as the place of trial.
The basis of venue is
The cause of action arose.

To the above-named Defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York) and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 2, 2023

Yours, etc..

Eitan Magendzo, Esq.
*Attorney for Plaintiff*
99 W. Hawthorne Ave., Suite 316
Valley Stream, NY 11580
718-873-9470

Defendant's address:

**TARGET CORPORATION**
5200 Kings Highway Suite A,
Brooklyn, New York 11234

**PTMA 5200 KINGS HIGHWAY LLC.**
c/o The Limited Liability Company
1407 Broadway
New York, New York 10018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---X Index:

ROSEMARY JOHN,

Plaintiff,

*-against-*

**VERIFIED COMPLAINT**

TARGET CORPORATION and PTMA 5200 KINGS HIGHWAY LLC,

Defendants.

---X

Plaintiff, by his attorney, **MAGENDZO LAW, P.C.**, as and for a Verified Complaint, respectfully sets forth and alleges the following, upon information and belief:

1. That at all times hereinafter mentioned, the plaintiff, **ROSEMARY JOHN**, was and still is a resident of the County of Kings, City and State of New York.

2. That at all times hereinafter mentioned, and prior thereto, defendant, **TARGET CORPORATION**, was and still is a domestic corporation duly organized by and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, was and still is a foreign corporation.

4. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, was and still is a foreign corporation duly licensed to conduct business in the State of New York.

5. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, transacted business within the State of New York.

6. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, contracted to supply goods or services within the State of New York.

7. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, committed a tortious act causing injury to a person within the State of New York.

8. That at all times hereinafter mentioned and prior thereto, defendant, **TARGET CORPORATION**, possessed property within the State of New York.

9. That at all times hereinafter mentioned, and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.** , was and still is a domestic corporation duly organized by and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.** , was and still is a foreign corporation.

11. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, was and still is a foreign corporation duly licensed to conduct business in the State of New York.

12. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, was and still is a foreign corporation not duly licensed to conduct business in the State of New York.

13. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, transacted business within the State of New York.

14. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, contracted to supply goods or services within the State of New York.

15. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, committed a tortious act causing injury to a person within the State of New York.

16. That at all times hereinafter mentioned and prior thereto, defendant, **PTMA 5200 KINGS HIGHAWAY LLC.**, possessed property within the State of New York.

17. That the defendant, **TARGET CORPORATION**, owned the land commonly known and designated as 5200 Kings Highway, County of Kings, City and State of New York.

18. That the defendant, **TARGET CORPORATION**, owned the premises erected upon the land commonly known and designated as 5200 Kings Highway, Suite A, County of Kings, City and State of New York ("Premises" hereinafter).

19. That the defendant, **TARGET CORPORATION**, owned a business commonly known as Target, which operated at the Premises ("Target" hereinafter).

20. That the defendant, **TARGET CORPORATION**, leased the land commonly known and designated as 5200 Kings Highway, County of Kings, City and State of New York.

21. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, owned the land commonly known and designated as 5200 Kings Highway, Suite A, County of Kings, City and State of New York.

22. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, owned the Premises.

23. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, owned Target.

24. That the defendant, **TARGET CORPORATION**, leased the Premises.

25. That the defendant, **TARGET CORPORATION**, leased Target.

26. That the defendant, **TARGET CORPORATION**, maintained the Premises.

27. That the defendant, **TARGET CORPORATION**, maintained Target.

28. That the defendant, **TARGET CORPORATION**, controlled the Premises.

29. That the defendant, **TARGET CORPORATION**, controlled Target.

30. That the defendant, **TARGET CORPORATION**, operated the Premises.

31. That the defendant, **TARGET CORPORATION**, operated Target.

32. That the defendant, **TARGET CORPORATION**, managed the Premises.

33. That the defendant, **TARGET CORPORATION**, managed Target.

34. That the defendant, **TARGET CORPORATION**, supervised the Premises.

35. That the defendant, **TARGET CORPORATION**, supervised Target.

36. That the defendant, **TARGET CORPORATION**, inspected the Premises.

37. That the defendant, **TARGET CORPORATION**, inspected Target.

38. That the defendant, **TARGET CORPORATION**, repaired the Premises.

39. That the defendant, **TARGET CORPORATION**, repaired Target.

40. That the defendant, **TARGET CORPORATION**, cleaned the Premises.

41. That the defendant, **TARGET CORPORATION**, cleaned Target.

42. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, leased the Premises.

43. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, leased Target.

44. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, maintained the Premises.

45. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, maintained Target.

46. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, controlled the Premises.

47. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, controlled Target.

48. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, operated the Premises.

49. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, operated Target.

50. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, managed the Premises.

51. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, managed Target.

52. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, supervised the Premises.

53. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, supervised Target.

54. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, inspected the Premises.

55. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, inspected Target.

56. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, repaired the Premises.

57. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, repaired Target.

58. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, cleaned the Premises.

59. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, cleaned Target.

60. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to maintain the Premises in a reasonably safe condition.

61. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to maintain Target in a reasonably safe condition.

62. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

63. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to ensure that Target be and remain in a reasonably safe condition for its customers and invitees.

64. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to inspect the Premises.

65. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to inspect Target.

66. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to repair the Premises.

67. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to repair Target.

68. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORTATION**, had a duty to clean the Premises.

69. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to clean Target.

70. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to warn invitees and/or customers of any dangerous conditions in the Premises.

71. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, had a duty to warn invitees and/or customers of any dangerous conditions in Target.

72. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to maintain the Premises in a reasonably safe condition.

73. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to maintain Target in a reasonably safe condition.

74. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

75. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to ensure that Target be and remain in a reasonably safe condition for its customers and invitees.

76. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to inspect the Premises.

77. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to inspect Target.

78. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to repair the Premises.

79. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to repair Target.

80. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to properly clean the Premises.

81. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to properly clean Target.

82. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to warn invitees and/or customers of any dangerous conditions in the Premises.

83. That on August 26, 2021 and at all times herein mentioned, defendant, **TARGET CORPORATION**, failed to warn invitees and/or customers of any dangerous conditions in Target.

84. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to maintain the Premises in a reasonably safe condition.

85. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to maintain Target in a reasonably safe condition.

86. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

87. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to ensure that Target be and remain in a reasonably safe condition for its customers and invitees.

88. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to inspect the Premises.

89. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to inspect Target.

90. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to repair the Premises.

91. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to repair Target.

92. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to clean the Premises.

93. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to clean Target.

94. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had a duty to warn invitees and/or customers of any dangerous conditions in the Premises.

95. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** had a duty to warn invitees and/or customers of any dangerous conditions in Target.

96. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to maintain the Premises in a reasonably safe condition.

97. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to maintain Target in a reasonably safe condition.

98. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to ensure that the Premises be and remain in a reasonably safe condition for its customers and invitees.

99. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to ensure that Target be and remain in a reasonably safe condition for its customers and invitees.

100. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to inspect the Premises.

101. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to inspect Target.

102. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to repair the Premises.

103. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC,** failed to repair Target.

104. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, failed to properly clean the Premises.

105. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, failed to properly clean Target.

106. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, failed to warn invitees and/or customers of any dangerous conditions in the Premises.

107. That on August 26, 2021 and at all times herein mentioned, defendant, **PTMA 5200 KINGS HIGHWAY LLC**, failed to warn invitees and/or customers of any dangerous conditions in Target.

108. .That on or about August 26, 2021 the plaintiff, **ROSEMARY JOHN**, was a lawful invitee at the Premises and/or Target.

109. That on or about August 26, 2021 the plaintiff, **ROSEMARY JOHN**, was lawfully present at the Premises and/or Target.

110. That on or about August 26, 2021 the plaintiff, **ROSEMARY JOHN**, entered the Premises and/or Target to make a purchase.

111. That on or about August 26, 2021 while the plaintiff, **ROSEMARY JOHN**, was lawfully within Target, she was caused to sustain injuries.

112. That on or about August 26, 2021 while the plaintiff, **ROSEMARY JOHN**, was lawfully within Target, she was caused to sustain severe injuries.

113. That on or about August 26, 2021 while the plaintiff, **ROSEMARY JOHN**, was lawfully within Target, she was caused to sustain permanent injuries.

114. That on or about August 26, 2021 while the plaintiff, **ROSEMARY JOHN**, was lawfully within Target, she was caused to sustain permanent and severe injuries.

115. That plaintiff's injuries were the direct result of defendant's negligence.

116. That plaintiff's injuries were the direct result of defendant's negligence, without plaintiff contributing to same.

117. That the defendant, **TARGET CORPORATION**, its agents, servants and or employees were negligent in allowing a slippery and/or wet condition, hazard, menace, a nuisance and a trap-like condition to exist in at or inside the Premises.

118. That the defendant, **TARGET CORPORATION**, its agents, servants and or employees were negligent in allowing a slippery and/or wet condition, hazard, menace, a nuisance and/or a trap-like condition to exist in at or inside Target.

119. That the defendant, **TARGET CORPORATION**, its agents, servants and or employees were negligent in failing to exercise the requisite degree of due care of a reasonably prudent defendant under the same or similar circumstances.

120. That the defendant, **TARGET CORPORATION**, had prior notice of the dangerous condition that caused plaintiff's injuries.

121. That the defendant, **TARGET CORPORATION**, had actual notice of the dangerous condition that caused plaintiff's injuries.

122. That the defendant, **TARGET CORPORATION**, had constructive notice of the dangerous condition that caused plaintiff's injuries.

123. That the defendant, **TARGET CORPORATION**, created the dangerous condition that caused plaintiff's injuries.

124. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, its agents, servants and or employees were negligent in allowing a hazard, menace, a nuisance and/or a trap-like condition to exist in at or inside the Premises.

125. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, its agents, servants and or employees were negligent in allowing a hazard, menace, a nuisance and/or a trap-like condition to exist in at or inside Target.

126. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, its agents, servants and or employees were negligent in failing to exercise the requisite degree of due care of a reasonably prudent defendant under the same or similar circumstances.

127. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had prior notice of the dangerous condition that caused plaintiff's injuries.

128. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had actual notice of the dangerous condition that caused plaintiff's injuries.

129. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, had constructive notice of the dangerous conditions that caused plaintiff's injuries.

130. That the defendant, **PTMA 5200 KINGS HIGHWAY LLC**, created dangerous conditions that caused plaintiff's injuries.

131. That the dangerous condition that caused plaintiff's injuries existed for a period of time that was sufficient for a reasonably prudent defendant to discovery such condition.

132. That as a result of the foregoing, plaintiff, **ROSEMARY JOHN**, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff, **ROSEMARY JOHN**, demands that a judgment be entered against the in an amount exceeding the jurisdictional limitations of all lower courts which would have jurisdiction over this case; that she be awarded the costs and disbursements of this action and such other and further relief as the Court determined to be just and proper under the circumstances.

Dated: Valley Stream, New York
February 2, 2023

Yours, etc.

**MAGENDZO LAW, P.C.**

Eitan Magendzo, Esq.
- *Attorney for Plaintiff* -
99 W. Hawthorne Ave., Suite 316
Valley Stream, NY 11580
718-873-9470

# ATTORNEY'S VERIFICATION

**EITAN MAGENDZO**, an attorney duly admitted to practice in the Courts of this State, affirms the following to be true under the penalties of perjury:

That your deponent is an attorney at the firm of **MAGENDZO LAW, P.C**, attorney for the Plaintiff in the instant action.

That your deponent has read the foregoing **COMPLAINT**, and knows the contents thereof, and that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters he believes it to be true.

That the source of deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in this file.

The reason this verification is made by deponent and not by Plaintiff is that your deponents office is maintained in a different County then where Plaintiff resides and is therefore made pursuant to CPLR Section 3020 (d) (3).

Dated: Valley Stream, New York
February 9, 2023

EITAN MAGENDZO, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

ROSEMARY JOHN,

Plaintiff,

-against-

TARGET CORPORATION and PTMA 5200 KINGS HIGHWAY LLC,

Defendants.

---------------------------------------------------------------X

Index No.: 509449/23

**VERIFIED ANSWER**

Defendant TARGET CORPORATION ("TARGET"), by and through its attorneys, CONNELL FOLEY LLP, as and for its Verified Answer to Plaintiff's Verified Complaint, hereby states, upon information and belief, as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "1","6", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53", "54", "55", "56", "57", "58", "59", "84", "85", "86", "87", "88", "89", "90", "91", "92", "93", "94", "95", "96", "97", "98", "99", "100", "101", "102", "103", "104", "105", "106", "107", "108", "109", "110", "124", "125", "126", "127", "128", "129" and "130" of the Verified Complaint.

2. Denies each and every allegation contained in the paragraphs of the Verified Complaint designated "2", "7", "72", "73", "74", "75", "76", "77", "78", "79", "80", "81", "111", "112", "113", "114", "117", "118", "119", "120", "121", "122", "123", "131" and "132".

3. Admits the allegation set forth in the paragraphs of the Verified Complaint designated "3", "4" and "5".

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70" and "71" of the Verified Complaint and refer all questions of law to the Court.

5. Denies each and every allegation contained in the paragraphs of the Verified Complaint designated "82" and "83" and deny that Target had any notice of any alleged dangerous conditions.

6. Denies as to Target each and every allegation contained in the paragraphs of the Verified Complaint designated "115" and "116".

**AS AND FOR A FIRSTAFFIRMATIVE DEFENSE**

7. All limitations of liability made available by Article 16 of New York's C.P.L.R. may apply to the Target.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

8. Upon information and belief, any past or future costs, expenses, or damages incurred or which will be incurred by the Plaintiff as alleged in the Verified Complaint, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from a collateral course as that term is defined in Section 4545 of New York's C.P.L.R. By reason of the foregoing, if any damages are recoverable against Target, the amount of any such damages must be diminished by the amount of the reimbursement or indemnification which Plaintiff has or shall receive from such collateral source.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

9. All or part of the damages allegedly sustained by the Plaintiff were caused by Plaintiff's culpable conduct and through Plaintiff's negligence and careless acts or omissions, and Plaintiff's damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to Plaintiff, as provided under C.P.L.R. 1411.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

10. The injuries and damages allegedly sustained by the Plaintiff were caused solely by the Plaintiff's own culpable and negligent conduct and were not caused nor contributed to by reason of any negligence or other omission or act on the part of Target.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

11. The damages sustained by the Plaintiff, if any, were caused by the negligence and carelessness of some third-person over whom Target had neither control nor responsibility.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

12. The Plaintiff is barred from recovery of damages, or any recovery of damages must be reduced, by reason of the Plaintiff's failure to mitigate damages.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

13. The Verified Complaint fails to state a claim upon which relief may be granted.

**WHEREFORE**, Defendant TARGET CORPORATION demands judgment dismissing Plaintiff's Complaint, together with costs, disbursements and attorneys' fees herein, together with such other and further relief as this Court may deem just and proper

Dated: New York, New York
July 19, 2023

**CONNELL FOLEY LLP**

**MICHAEL J. CROWLEY**
**MICHAEL BOJBASA**
*Attorneys for Defendant*
**TARGET CORPORATION**
875 3rd Avenue, 21st Floor
New York, New York 10022
(212) 307-3700

**TO:** Eitan Magendzo, Esq.
**MAGENDZO LAW, P.C.**
*Attorneys for Plaintiff*
**ROSEMARY JOHN**
99 W. Hawthorne Ave, Suite 316
Valley Stream, NY 11580
(718) 873-9470

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK)

**DAWN CAMMAYO**, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age and resides in Aberdeen, New Jersey.

On July 19, 2023 deponent served the within **VERIFIED ANSWER** upon:

Eitan Magendzo, Esq.
**MAGENDZO LAW, P.C.**
Attorney for Plaintiff
**ROSEMARY JOHN**
99 W. Hawthorne Ave, Suite 316
Valley Stream, NY 11580

PTMA 5200 KINGS HIGHWAY LLC
1407 Broadway
New York, NY 10018

being the address designated by said attorneys/parties for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

DAWN CAMMAYO

Sworn to before me this
19th day of July, 2023

Notary Public

MONICA CRUZ
Notary Public, State of New York
No. 01CR6223670
Qualified In Bronx County
Commission Expires June 14, 2026

8768850-1