UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROSEMARY JOHN,

Plaintiff,

v.

TARGET CORPORATION, PTMA 5200 KINGS HIGHWAY LLC,

Defendants.

**MEMORANDUM & OPINION**
24-CV-2166 (NRM) (RML)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Rosemary John brings this suit against Defendant Target Corporation ("Target") alleging that it is liable for negligence, following her injury inside one of its stores. Presently before the Court is Target's motion for summary judgment. For the reasons that follow, Target's motion is granted.

## BACKGROUND

Plaintiff alleges that she was injured at a Target located at 5200 Kings Highway, Suite A, Brooklyn, NY 11234, while shopping in the store. Statement of Undisputed Facts Pursuant to Rule 56.1 ("Def.'s 56.1 Statement") ¶ 1, ECF No. 26; Resp. to Statement of Undisputed Facts Pursuant to Rule 56.1 ("Pl.'s 56.1 Statement") ¶ 1, ECF No. 27-2.

The incident occurred on August 26, 2021, at approximately 8:36 a.m., when Plaintiff slipped on a blue sanitizing wipe designed to clean Target's shopping carts, as she was walking towards the store exit. Def.'s 56.1 Statement ¶ 2; ECF No. 25-5 ("Pl.'s Dep.") 14:16–20; ECF No. 25-9 at 2. Plaintiff contends that at 8:33 a.m., a

nonparty customer dropped a wipe on the floor in the proximity of Target's shopping cart area. *See* Pl.'s 56.1 Statement ¶ 9. She further states that two Target Team Members "walked by the area where the wipe fell" around 8:35 a.m. *Id.* ¶ 10. On the date in question, the interior of the Target was brightly lit with artificial lighting. Def.'s 56.1 Statement ¶ 3; Pl.'s Dep. 21:3–11. Prior to Plaintiff's accident, she did not notice anything on the floor of the Target. Def.'s 56.1 Statement ¶ 4.

At the time of the incident, Elliot Vazquez held the role of executive team leader of human resources at Target. ECF No. 25-8 ("Vazquez Dep.") 8:10–13. In that role, his duties included "making sure that the work is done on the sales floor" and "report[ing] whenever [] there was [an] unsafe condition and just educating [the] team to do that." *Id.* 9:9–18, 10:25–11:4. Target employees had access to an app, used to report hazardous conditions, and leaders were instructed to "follow up with" reports submitted to the app. *Id.* 12:6–21.

Immediately following the incident, Plaintiff signed a Target Guest Incident Report, which states that "[she] is unsure why she fell, she did not see anything." Def.'s 56.1 Statement ¶¶ 7, 8. Vazquez testified that he walked near the area following the incident and found that "it wasn't slippery, it wasn't wet." Vazquez Dep. 41:2–11. The cart wipe, he believes, is the only item that could have been responsible for Plaintiff's fall, as it was the only item retrieved from the scene. *Id.* 42:23–43:7.

Plaintiff described various injuries she suffered from her fall, including cervical spine tenderness, a severe headache, lower back nerve pain, a left elbow injury, and a limp. *See* ECF No. 1-3 at 6. She underwent a series of medical

procedures to treat her injuries on May 9, 2022, and May 23, 2023. *Id.* Plaintiff seeks at least $900,000 in damages as a result of her injuries, which she attributes to both previously-incurred and anticipated medical expenses, as well as lost wages. *See id.* at 10.

**PROCEDURAL POSTURE**

On October 29, 2024 — three days before fact discovery was set to close — Target filed a motion for a sixty-day extension of time to complete discovery. *See* ECF No. 11; Min. Entry dated May 1, 2024. Magistrate Judge Robert M. Levy granted the motion, and later *sua sponte* extended the deadline to February 28, 2025. Dkt. Order dated Oct. 30, 2024; Min. Entry dated Dec. 19, 2024. One day before the February 2025 deadline, Target again filed a motion requesting additional time to complete discovery, which Judge Levy granted. *See* ECF No. 13; Dkt. Order dated Feb. 27, 2025. On May 20, 2025, Judge Levy ordered Plaintiff to respond to outstanding discovery requests by May 23, 2025. Min. Entry dated May 20, 2025. Judge Levy additionally ordered expert discovery to be held in abeyance pending resolution of Target's summary judgment motion. *Id.*

On October 3, 2025, Target filed its fully-briefed summary judgment motion on the docket. *See* Mot. for Summ. J., ECF No. 24; Def.'s 56.1 Statement. Ten exhibits — including Plaintiff's signed "Guest Incident Report" and deposition, Vasquez's deposition, video footage, and post-incident photographs — were filed in support. *See* Decl. re Mot. for Summ. J., ECF No. 25. Plaintiff's response in opposition included two exhibits — relevant portions of Vazquez's deposition, and photographs of Target's

video surveillance footage. Decl. of Eitan Magendzo, Esq. ¶ 3, ECF No. 27. Target additionally filed a reply in support of its motion for summary judgment. Reply Mem. of Law in Further Supp. of Mot. for Summ. J., ECF No. 28 ("Def.'s Reply").

## DISCUSSION

Under Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is considered "material" if it "might affect the outcome of the suit under the governing law." *Roberts v. Univ. of Rochester*, 573 F. App'x 29, 33 (2d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *WWBITV, Inc. v. Vill. of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). In determining whether there is a genuine issue to be tried as to any material fact, "the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).

The party moving for summary judgment bears the burden of demonstrating that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). To avoid summary judgment, the nonmoving party must come forward with evidence to raise a genuine issue of material fact. *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). The nonmoving party "may not rely on mere speculation or

conjecture as to the true nature of the facts." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). And it must "do more than simply show that there is some metaphysical doubt as to the material facts." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (quoting *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In a negligence action, the burden of proof in federal court differs from the corresponding standard under New York law. *See, e.g.*, *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 12–13 (2d Cir. 2008) (summary order); *Mahoney v. Whole Foods Mkt. Grp., Inc.*, No. 21-CV-4127 (MKB), 2025 WL 486655, at *4 (E.D.N.Y. Feb. 12, 2025). Under New York law, a defendant carries the burden of proving that it neither created the hazardous condition, nor had any "notice of its existence for a length of time sufficient to discover and remedy it." *Vasquez v. United States*, No. 14-CV-1510 (DF), 2016 WL 315879, at * 4–5 (S.D.N.Y. Jan. 15, 2016) (quoting *Levine v. Amverserve Ass'n, Inc.*, 938 N.Y.S.2d 593, 593 (App. Div. 2012)). However, under the federal standard, a "[d]efendant's summary judgment burden is satisfied if it can point to 'an absence of evidence to support an essential element' of [a p]laintiff's negligence claim." *Sauro v. Costco Wholesale Corp.*, No. 18-CV-2091 (SJF) (AKT), 2019 WL 3046852, at *6 (E.D.N.Y. May 29, 2019) (quoting *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 399 (E.D.N.Y. 2010)). Because the movant's burden of proof is procedural, it is subject to federal law. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

## I. Negligence

Under New York law, "a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023) (quoting *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021)). "A shopkeeper has a general duty to maintain its premises in a reasonably safe condition." *Antonelli v. Wal-Mart Stores, Inc.*, No. 99-CV-7850 (CON), 2000 WL 876785, at *1 (2d Cir. 2000) (summary order) (quoting *Jackson v. Supermarkets Gen. Corp.*, 625 N.Y.S.2d 290, 290 (N.Y. App. Div. 1995)); *see Olsen v. K Mart Corp.*, No 04-CV-3648 (JMA), 2005 WL 2989546, at *3 (E.D.N.Y. Nov. 8, 2005).

In premises liability cases, "to show a 'breach of duty,' a plaintiff must show that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness." *Borley*, 22 F.4th at 79.[1] Here, it is uncontested that Target did not create a dangerous condition. As Plaintiff concedes, the wipe was dropped on the floor by a nonparty Target guest, and the condition was thus not attributable to Target. *See* Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mem.") at 14, ECF No. 26-1. It is uncontested that Target had a duty to

[1] A landowner does not have a duty to protect against a condition that was both open and obvious and *not* "inherently dangerous as a matter of law." *Farruggio v. Kraft Heinz Food Co.*, 747 F. Supp. 3d 420, 425 (N.D.N.Y. 2024). Where evidence establishes that a condition was *not* inherently dangerous, however, a court may find that a landowner is entitled to judgment as a matter of law. *Id.* at 426. In the case at bar, the parties do not dispute the inherent dangerousness of the condition.

maintain its premises in a reasonably safe condition. Thus, the Court turns to whether Target had actual or constructive notice of the dangerous condition — and finds that it did not.

**a. Actual Notice**

Plaintiff claims that "the surveillance video clearly shows at least two Target employees walked the areas where the dangerous condition (sanitary wipe) was laying on the floor prior to Plaintiff's fall." Mem. of L. in Opp'n of Mot. for Summ. J. ("Opp'n") at 8, ECF No. 27-1 (citation modified). She also argues, "[i]n addition, it was Target's policy and procedure to clear any laying wipes as they cause a safety concern." *Id.* Therefore, Plaintiff concludes that "the defendant was, in fact, aware of the dangerous condition." *Id.* Target argues that "even assuming that the Target Team Members were facing in the direction of the incident area as Plaintiff's counsel claims, this does not establish that they actually saw the wipe on the floor." Def.'s Reply at 4. It uses the fact that Plaintiff herself was unable to see the cart wipe on the floor prior to, during, or after the incident, as support for the point that it was certainly possible for someone to have been near the wipe and to not have seen it. *Id.*

To survive summary judgment based on actual notice, the plaintiff must establish "that the defendants were, in fact, aware of the dangerous condition." *Mahoney*, 2025 WL 486655, at *6 (quoting *Albright v. Target Corp.*, No. 21-CV-4811, 2023 WL 3997381, at *1 (E.D.N.Y. June 13, 2023)); *Nussbaum v. Metro-N. Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) ("Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the

dangerous condition."). For example, in *Leandro v. Wal-Mart Supercenter Store #2104*, the court granted summary judgment to the defendant after finding that there was "no evidence that [d]efendants were aware of" the fruit and potential liquid on the floor "before the [plaintiff's] accident." No. 19-CV-2108 (JCM), 2021 WL 2742622, at *8, 12 (S.D.N.Y. June 30, 2021). Similarly, in *Looney v. Macy's Inc.*, the court found that because "there is no evidence . . . that [defendant] received a report — or otherwise actually knew — of [the condition] at the time of Plaintiff's alleged accident," the defendants had no actual notice of a dangerous condition with respect to an escalator that caused injury to the plaintiff. 588 F. Supp. 3d 328, 345–46 (E.D.N.Y. 2021).

Plaintiff presents no evidence that Target or any of its employees were *actually* aware of the existence of a *particular* condition causing her injury. Neither of the videos show employees noticing a wipe on the floor. In one, a patron pushes away a cart past the self-checkout area where an employee is standing — but that employee does not look at or towards the area where the patron took the cart and dropped the wipe. *See* ECF No. 25-6 ("Ex. F") at 28:12–30:12. In the other video, the wipe is not seen on the floor, but the patron who seemingly dropped the wipe is seen walking away at 8:34:18 a.m. and Plaintiff's fall onto the floor is shown at 8:36:04 a.m. — only two minutes later. *See* ECF No. 25-7 ("Ex. G") at 28:03–30:03. No employee is seen walking near the wipe. *Id.* Thus, a reasonable jury could not infer that any of Target's employees had actual notice of the condition.

**b. Constructive Notice**

To prove liability based on constructive notice, the plaintiff must establish that "the danger [was] 'visible and apparent and . . . exist[ed] for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum*, 603 F. App'x at 12 (quoting *Lemonada v. Sutton*, 702 N.Y.S.2d 275, 276 (N.Y. App. Div. 2000)). A movant "cannot simply prove that the defendant was 'generally aware of the existence of the condition,' but must prove that the defendant had 'notice of the "particular condition" at issue.'" *Mahoney*, 2025 WL 486655, at *8 (quoting *Dondero v. Chopra & Nocerino LLP*, No. 21-CV-1487, 2022 WL 320967, at *2 (2d Cir. Feb. 3, 2022)). A plaintiff "can establish constructive notice through circumstantial evidence, but he must 'offer more than mere speculation that defendants should have been aware' of the condition." *Moy v. Target Corp.*, 629 F. Supp. 3d 205, 210 (S.D.N.Y. 2022) (quoting *Shimunov v. Home Depot U.S.A., Inc.*, No 11-CV-5136 (KAM), 2014 WL 1311561, at *5 (E.D.N.Y. Mar. 28, 2014)).

Because the dangerous condition was not visible and apparent, Target lacked constructive notice. Thus, the Court need not and does not address whether the condition existed for a sufficient length of time to permit Target to discovery and remedy it.

"In assessing whether a dangerous condition was 'visible and apparent' in cases where video footage is available, courts in this Circuit often look 'to whether (1) the hazard was visible in the video, (2) the plaintiff noticed the hazard before the accident, and (3) there is evidence that anyone else noticed the hazard.'" *Peters v. Whole Foods Mkt. Grp., Inc.*, 801 F. Supp. 3d 209, 214 (S.D.N.Y. 2025) (citation

modified) (quoting *Cuello v. Target Corp.*, No. 22-CV-2013 (PAE), 2023 WL 4763234, at *5 (S.D.N.Y. July 26, 2023)). Regarding the first factor, the hazard appears to be visible in the video footage. *See* Ex. F at 29:47.

The second factor — whether the plaintiff noticed the particular condition (*i.e.,* the wipe on the floor) prior to her fall — is relevant to whether a reasonable jury could infer that the dangerous condition was visible and apparent at the time of the incident. In *Moy*, white pasta sauce was spilled on the white floor of a Target. 629 F. Supp. 3d at 207. The plaintiff himself did not notice the puddle of sauce before slipping in it, and the court concluded that the evidence did not support an inference that the puddle of sauce would have been apparent to the plaintiff — or any other individual — prior to the fall. *Id.* at 210–11. Similarly, in *Lyman v. Petsmart, Inc.*, the plaintiff testified that she did not see a puddle of dog urine inside of a pet store until after she slipped and fell, and the court held that she "failed to establish a triable issue of fact as to whether the substance was visible and apparent" because "[o]ther courts in this Circuit 'have found insufficient evidence . . . where a plaintiff did not see the condition prior to a fall or failed to offer evidence that others saw the condition prior to the fall.'" No. 16-CV-04627 (JCM), 2018 WL 4538908, at *7 (S.D.N.Y. Sep. 21, 2018) (quoting *Decker*, 2017 WL 568761, at *7 (citing cases)); *see also Castellanos v. Target Dep't Stores, Inc.*, No. 12-CV-2775 (GWG), 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (finding that the plaintiff presented no evidence that the plastic display sign that caused her to trip was visible and apparent, since both she and her fiancé testified that they did not see the condition until after the

plaintiff's fall)).

Here, it is undisputed that prior to Plaintiff's accident, she did not notice any hazards on the floor of the Target store, including the dropped wipe that she alleges caused her injury. In her deposition, Plaintiff testified that she "didn't see anything" on the floor, that the store was well-lit, that she generally did not have any issues seeing, and that nobody was walking in front of her as she left the store. Pl.'s Dep. 21:3–22:2. Thus, this factor weighs in Target's favor.

The third factor — evidence suggesting that others noticed the hazard, even if the plaintiff did not — often presents a genuine issue of material fact for a jury to resolve. In *Ortiz v. Wal-Mart Stores E., LP*, the plaintiff did not notice anything before falling in a store, nor did several of the defendant's employees, who walked through or near the accident area beforehand. No. 17-CV-945 (NSR), 2019 WL 1171566, at *5 (S.D.N.Y. Mar. 13, 2019). Because neither the plaintiff nor any of the defendant's employees noticed the water, the court granted summary judgment in favor of the defendant. *Id.* at *5, 7. Similarly, in *Almodovar v. Wal-Mart Stores East LP*, the court granted summary judgment in favor of the defendant because "neither [the p]laintiff nor [her husband] saw the water until [p]laintiff was on the ground, and [p]laintiff cannot point to anyone who did." No. 23-CV-9353 (AEK), 2025 WL 2773182, at *5 (S.D.N.Y. Sep. 26, 2025).

In contrast, in *Peters*, the plaintiff asserted that video footage showed another customer slipping in the same area approximately thirteen minutes before her fall. 801 F. Supp. at 214. The plaintiff also asserted that after the other customer slipped,

"a Whole Foods worker spent approximately ten minutes in the area, during which time he dropped and picked up a spoon off the floor." *Id.* (citation modified). As a result, according to the plaintiff, the employee would have been able to observe the wet floor. *Id.* The court found that the plaintiff "raised a triable issue of material fact as to whether Whole Foods had constructive notice" based on these facts. *Id.* at 215.

According to Plaintiff, there were two instances where Target Team Members saw or should have seen the wipe on the floor. Opp'n at 8–9. The first instance involved a Team Member who appeared to be around fifteen feet away from the wipe and was allegedly facing the wipe. *Id.* at 9. The second instance involved a Team Member who "walk[ed] right past the area where the wipe fell," and who "ben[t] down, pick[ed] up an item . . . and continue[d] walking." *Id.* Plaintiff asserts that the wipe appears to be less than five feet away from the team member. *Id.*

The video shows two Target employees walking in or around the area where the wipe was dropped. Ex. F at 29:35. One of the two employees is standing far from where the wipe was dropped — several cash registers away — and watching customers at the self-checkout area. *Id.* Several boxes are stacked between him and the area where the wipe was dropped. *Id.*




The video also shows the second employee bending down, picking up an item, and continuing to walk. *Id.* at 29:35–40. However, notably, the second employee is facing away from the wipe as he bends down. *Id.*






In sum, at no time does either employee appear to face the wipe on the floor. *Id.* at 29:35–30:00. As previously discussed, Plaintiff's *own* lack of awareness of the wipe tends to weigh heavily in favor of granting summary judgment to Target. As it pertains to *others*' awareness, the facts of this case are more analogous to *Ortiz* and *Almodovar* than they are to *Peters*. Unlike in *Peters* — where another customer slipped thirteen minutes before the plaintiff and a worker spent approximately ten minutes in the area — here, only three minutes elapsed between the employees' actions near the accident area and Plaintiff's fall, during which time no other customer slipped or fell on the wipe. *Peters*, 801 F. Supp. 3d at 214–15; Pl.'s 56.1 Statement ¶ 9. Moreover, though one of the employees picked up an item from the floor near the wipe, he was facing in the opposite direction. Ex. F. at 29:35–40.

Though a jury could potentially infer that others noticed a dangerous condition, *see, e.g.*, *Peters*, 801 F. Supp. 3d at 213, here — given that Plaintiff herself never

noticed the wipe, and that the Target employees faced away from the wipe during the relevant time period — such a finding would be pure speculation. No genuine issues of material fact exist as to whether the condition was visible or apparent.[2]

## II. Request for Outstanding Discovery

Lastly, Plaintiff argues that summary judgment is premature as depositions are "outstanding." Opp'n at 11. She "seeks to conduct the deposition of" the two Target employees seen in the video and argues that they "are crucial and speak directly to the issue of whether [D]efendant had actual or constructive notice of the dangerous condition that caused the herein accident." *Id.*

Judge Levy set a fact discovery deadline for May 23, 2025. Min. Entry dated May 20, 2025. On that same date, Plaintiff filed her response to Target's letter seeking a pre-motion conference regarding its anticipated motion for summary judgment; at no point in her opposition did she assert that summary judgment briefing was premature or inform the Court that she would seek to conduct additional depositions. *See* Resp. to Mot. for Pre-Mot. Conference, ECF No. 16. Instead, Plaintiff raised the issue for the first time in her brief in opposition to Target's summary judgment motion, filed nearly five months later, and long after the Court so-ordered

---

[2] Target argues that the wipe was not visible and apparent for long enough for constructive notice to exist. Def.'s Mem. at 16. While a number of cases have held that a length of time longer than the three minutes that elapsed in the instant case is sufficient for constructive notice — and some have held that five minutes is sufficient to create such notice, *see, e.g.*, *Cuello*, 2023 WL 4763234, at *5 (collecting cases finding lengths of time from five to twenty minutes sufficient, and from ten to fifty minutes to be insufficient) — the Court need not reach this issue, because it finds that the wipe was not visible or apparent in the first place.

the parties' proposed briefing schedule on the motion. *See* Opp'n at 11. Though Judge Levy ordered *expert* discovery to be held in abeyance pending resolution of Target's motion, he did not extend *fact* discovery, and Plaintiff now seeks to depose Target employees — not expert witnesses. *See* Min. Entry dated May 20, 2025. Thus, Plaintiff's request is denied as time-barred.

## CONCLUSION

For the foregoing reasons, Target's motion for summary judgment is granted. The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

*/s/ Nina R. Morrison*
Nina R. Morrison
United States District Judge

Dated: September 29, 2026
Brooklyn, New York